# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Kay Dixon
and Carolyn Schaubach

v.

Zoning Appeals Board
of the City of Virginia Beach

November 19, 1999

Case No. (Law) CL98-2302

By Judge H. Thomas Padrick, Jr.

This matter is before the Court on a Writ of Certiorari to the decision of the Board of Zoning Appeals to grant variances to Richard J. Tavss for real property located at 107 86th Street, Virginia Beach, Virginia. The variance requests were for a variance of five feet to a three foot side yard set back (east side) instead of eight feet as required; and to allow 38% in lot coverage instead of 35% in maximum lot coverage as allowed in the Zoning Ordinance of the City of Virginia Beach. (Zoning R-5R, RMA.) The Court has considered the authorities submitted, the transcripts, and the argument of counsel.

Virginia Code § 15.2-2309.2 provides that variances are not authorized by law unless the Board of Zoning Appeals finds:

(a) That the strict application of the ordinance would produce an undue hardship.

(b) That the hardship is not shared generally by other properties in the same zoning district and the same vicinity.

(c) That the authorization of the variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by granting of the variance.

The Board of Zoning Appeals heard the matter on August 19, 1998. After taking testimony and hearing the arguments of counsel, the Board granted the requested variance by a vote of 4 to 1.

The applicant, Richard Tavss, had previously submitted plans and specifications to the City of Virginia Beach to construct a new dwelling at 107 86th Street. As part of his submission, Mr. Tavss's surveyor had submitted a site plan which showed, among other things, the deck which was part of the subject matter of the variance request. The City erroneously approved the site plan which put it in violation of the zoning ordinance.

Tavss commenced construction and the error was subsequently discovered and a stop work order was issued. It is uncontradicted that the submission of the site plan violated the zoning ordinance as to the set back and maximum lot coverage as allowed under the zoning ordinance. If the deck had not been constructed, the structure, as planned, would have been in compliance with the zoning ordinance, both as to the set backs and lot coverage.

The Board of Zoning Appeals, on page 19 of the transcript, voted on the following motion: "I think he has a hardship just because of the way things started out. I don't think it was intentional, he didn't try to get away with anything. If he was going to try that he would have done a whole lot more to the house, making it bigger and less expensive to what he's done. And I think he has got a hardship and I'm going to make a motion that his request be approved." This was the only apparent finding of fact by the Board in dealing with its statutory requirements contained in Code § 15.2-2309.2.

Not only must an applicant show the existence of at least one of the several "special conditions" which would cause compliance with the zoning ordinance to result in an "unnecessary hardship," but the Board of Zoning Appeals must find that the three enumerated tests are satisfied. *Packer v. Hornsby*, 221 Va. 117 (1980), quoting *Tidewater Utilities v. Norfolk*, 208 Va. 705, 711 (1968).

The mere fact that a building permit is issued in violation of the law confers no greater rights upon a permittee than an ordinance itself, for the permit cannot in effect amend or repeal an ordinance, or authorize a structure at a location prohibited by the ordinance. Its issuance by such a municipal officer is unauthorized and void. *Segaloff v. City of Newport News*, 209 Va. 259 (1968). Such a mistake does not give rise to a hardship as recognized in § 15.1-2309.

The Court is of the opinion, and so finds, that the decision of the Board of Zoning Appeals in this matter was erroneous.

The applicant, Mr. Tavss, through his agents, erroneously, albeit innocently, submitted a site plan which violated the zoning ordinance, both as

to the east set back and lot coverage. While the Board of Zoning Appeals decision is presumed to be correct, it is clear to the Court that the only hardship found by the Board was through an error made by the City of Virginia Beach in granting the building permit. Such permit was void.

Mr. Isbrandtsen is instructed to prepare an order consistent with this decision reversing the August 19, 1998, decision of the Board of Zoning Appeals and denying the variance.